**KOLLER LAW LLC**
David M. Koller, Esq. (Pa 90119)
Jordan D. Santo, Esq. (Pa 320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MADELINE WIMBERLY,**<br>**Plaintiff,** | : | **Civil Action No.** |
| **v.** | : | **Complaint and Jury Demand** |
| **ELWYN OF PENNSYLVANIA AND DELAWARE,** | : | |
| **and** | : | |
| **U.S. MEDICAL STAFFING, INC.,**<br>**Defendants.** | : | |

**CIVIL ACTION**

Plaintiff, Madeline Wimberly (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Defendant Elwyn of Pennsylvania and Delaware f/k/a the Elwyn School (hereinafter "Elwyn PA") and Defendant U.S. Medical Staffing, Inc. a/k/a U.S. Medical Staffing LLC (hereinafter "U.S. Medical" (collectively hereinafter "Defendants"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing in Brookhaven, PA.
3. Upon information and belief, Elwyn PA is a Pennsylvania non-profit corporation providing services in Pennsylvania, Delaware, and California including by operating a private school at 100 E Old Baltimore Pike, Media, PA 19063 and with a principal address and registered office at 111 Elwyn Road, Elwyn, PA 19063.
4. Upon information and belief, U.S. Medical is a mental health, behavioral health and school staffing provider with a principal address located at 1420 Walnut Street, Suite 1350, Philadelphia, PA 19102 and whose Registered Agent is CT Corporation System.
5. At all times relevant hereto, Defendants employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.
6. At all times relevant hereto, Defendants employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.
7. Upon information and belief, Elwyn PA and U.S. Medical are considered employers under the ADA and the ADEA as they are both entities engaged in an industry affecting commerce which employed at least 20 employees for each working day in each of twenty or more calendar weeks in the relevant current and preceding year to the matter at issue in

this complaint.

8. Upon information and belief, Elwyn PA and U.S. Medical are considered employers under the PHRA as they both employ at least four employees in the Commonwealth of Pennsylvania.

9. Upon information and belief, U.S. Medical is an employer as defined by the PFPO as it is an entity which does business in the City of Philadelphia through employees or employs one or more employees exclusive of parents, spouse, life partner or children.

10. Alternatively, upon information and belief, U.S. Medical is an employment agency as defined by the ADA, the ADEA, the PHRA, and the PFPO as it is an entity which regularly undertakes, with or without compensation, to procure opportunities to work or to procure, recruit, refer, or place employees.

## JURISDICTION AND VENUE

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

13. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

14. The Court may also maintain supplemental jurisdiction over state and local law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil

Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

15. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendants are located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

16. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
17. Plaintiff exhausted her administrative remedies under the ADA, the ADEA, the PHRA and the PFPO.
18. On or about March 23, 2026, Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability and age discrimination as well as retaliation against Defendants.
19. The Charge was assigned a Charge Number 530-2025-08277 and was dual filed with the Pennsylvania Human Relations Act ("PHRA").
20. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated July 10, 2026.
21. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.
22. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and more than one year after filing, but within two (2) years of the issuance of the Right to Sue in this matter, as it relates to her PHRA and PFPO claims.

23. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

24. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

25. Plaintiff was born in 1974.

26. On March 3, 2016, U.S. Medical hired Plaintiff in the position of Personal Care Assistant ("PCA") to work out of the Elwyn School operated by Elwyn PA.

27. Plaintiff was well qualified for her position and performed well.

## PLAINTIFF WAS DIAGNOSED WITH A DISABILITY

28. In or around 2023, Plaintiff was diagnosed with congestive heart failure ("CHF").

29. CHF is a serious health condition that is considered to be a disability under the ADA, PHRA, and PFPO.

30. The major life activities affected by CHF include, but are not limited to, performing manual tasks, concentrating and circulatory function.

## PLAINTIFF NOTIFIED DEFENDANTS OF HER DISABILITY DIAGNOSIS

31. Plaintiff notified William McLauren, Teacher, and Troy Keyser, Supervisor, of her diagnosis.

## DEFENDANTS SUBSTANTIALLY INCREASED PLAINTIFF'S WORKLOAD

32. Approximately one (1) week later, McLauren and Keyser substantially increased Plaintiff's workload.

33. Plaintiff's workload was increased over time, so that Plaintiff was assigned three (3) children in the classroom, instead of one (1).

34. Defendant removed work from substantially younger PCAs and assigned it to Plaintiff.

**PLAINTIFF COMPLAINED OF DISABILITY AND AGE DISCRIMINATION**

35. In or around January 2025, Plaintiff complained to April Mossman, Scheduling Coordinator, about her increased workload and that PCAs in their 20's were selling drugs at the school and using drugs on their lunch break.

36. Mossman dismissed Plaintiff's complaint and did not properly address it.

**PLAINTIFF SUFFERED A HEART ATTACK AT WORK AND WAS PLACED ON A SHORT MEDICAL LEAVE OF ABSENCE**

37. On February 24, 2025, Plaintiff suffered a heart attack while at work.

38. Plaintiff was taken to Riddle Hospital for treatment.

39. The treating physician cleared Plaintiff to return to work on February 28, 2025, without restrictions.

**PLAINTIFF'S WORKLOAD WAS INCREASED UPON HER RETURN TO WORK**

40. When she returned to work, McLauren and Keyser continued to increase Plaintiff's workload.

41. Plaintiff believed that this conduct was meant to set her up for failure.

**PLAINTIFF NOTIFIED MCLAUREN AND KEYSER THAT SHE WOULD TAKE A THREE (3) DAY LEAVE OF ABSENCE DUE TO HER DISABILITY**

42. On May 6, 2025, Plaintiff notified McLauren and Keyser that she would be out of work due to her CHF and that she would return to work on May 9, 2025.

43. McLauren and Keyser approved Plaintiff's three (3) day medical leave of absence.

**HUMAN RESOURCES HARASSED PLAINTIFF FOR HER THREE (3) DAY LEAVE OF ABSENCE DUE TO HER DISABILITY**

44. On May 9, 2025, Plaintiff returned to work.

45. Nadirah Marwan (30's), Human Resource Representative, asked Plaintiff where she had been.

46. Plaintiff informed Marwan that she had been ill due to her CHF and had notified McLauren and Keyser of her leave of absence.

47. Marwan proceeded to speak aggressively to Plaintiff and question her about the validity of her absences.

48. Plaintiff requested that Marwan speak with her later, but Marwan continued to harass Plaintiff.

49. In an attempt to end the harassment, Plaintiff told Marwan, "Just leave me the hell alone," or words to that effect.

**KEYSER SENT PLAINTIFF HOME**

50. Shortly afterwards, Keyser asked Plaintiff if she was able to continue to work for the day.

51. Plaintiff informed Keyser that she was able to.

52. However, Keyser responded that she was not and proceeded to walk her out of the building.

53. Keyser informed Plaintiff that he would call her later.

**DEFENDANTS TERMINATED PLAINTIFF**

54. Instead, later that day on May 9, 2025, Eric Gennaro, Scheduling and Credentials Coordinator, emailed Plaintiff a termination letter that her assignment had ended due to her behavior.

55. Plaintiff had no previous write ups or disciplines.

56. Plaintiff was 50 years old at the time of her termination.

57. In addition, Defendants harassed Shanna Lee-Elliott, PCA, when she had to take a medical leave of absence and refused to accommodate James Howard, PCA, when he returned from a medical leave of absence.

58. Defendants discriminated against Plaintiff due to her disability and age and retaliated against her due to her complaints of the aforementioned discrimination and for requesting reasonable accommodations in the form of a medical leave of absences in violation of the ADA, the ADEA and the PHRA.

59. Additionally, U.S. Medical discriminated against Plaintiff due to her disability and age and retaliated against her due to her complaints of the aforementioned discrimination and for requesting reasonable accommodations in the form of a medical leave of absence in violation of the PFPO.

60. Defendants' conduct was willful or with reckless disregard to Plaintiff's Federal Statutory Rights.

**COUNT I – DISABILITY DISCRIMINATION**
***Plaintiff v. All Defendants***
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

61. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

62. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendants and its agents as being disabled.

63. Plaintiff was qualified to perform the job.

64. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

65. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

66. Defendants did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

67. Plaintiff's disabilities motivated Defendants' decision to take adverse actions against Plaintiff.

68. The purported reason for Defendants' decision is pretextual.

69. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

70. As a result of Defendants' unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

71. Defendants' conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – DISABILITY DISCRIMINATION**
***Plaintiff v. All Defendants***
**PENNSYLVANIA HUMAN RELATIONS ACT**

72. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

73. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendants and its agents as being disabled.

74. Plaintiff was qualified to perform the job.

75. Plaintiff was subject to an adverse employment action, including, but not limited to

termination.

76. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

77. Defendants did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

78. Plaintiff's disability motivated Defendants' decision to terminate Plaintiff.

79. The purported reason for Defendants' decision is pretextual.

80. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

81. As a result of Defendants' unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – DISABILITY DISCRIMINATION**
***Plaintiff v. U.S. Medical***
**PHILADELPHIA FAIR PRACTICES ORDINANCE**

82. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

83. Plaintiff is a "qualified individual with a disability" as that term is defined under the PFPO because Plaintiff has, or had at all times relevant hereto, disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by U.S. Medical and its agents as being disabled.

84. Plaintiff was qualified to perform the job.

85. Plaintiff was subject to an adverse employment action, including, but not limited to

termination.

86. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

87. U.S. Medical did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

88. Plaintiff's disability motivated U.S. Medical's decision to terminate Plaintiff.

89. The purported reason for U.S. Medical's decision is pretextual.

90. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

91. As a result of U.S. Medical's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IV – AGE DISCRIMINATION**
***Plaintiff v. All Defendants***
**AGE DISCRIMINATION IN EMPLOYMENT ACT**

92. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

93. Plaintiff was born in 1974.

94. Plaintiff was qualified to perform the job.

95. Defendants terminated Plaintiff.

96. Defendants treated younger employees more favorably than Plaintiff.

97. Defendants have no legitimate non-discriminatory reason for their actions.

98. As a result of Defendants' unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT V – AGE DISCRIMINATION**
***Plaintiff v. All Defendants***
**PENNSYLVANIA HUMAN RELATIONS ACT**

99. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

100. Plaintiff was born in 1974

101. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of her age.

102. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VI – AGE DISCRIMINATION**
***Plaintiff v. U.S. Medical***
**PHILADELPHIA FAIR PRACTICES ORDINANCE**

103. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

104. Plaintiff was born in 1974

105. The foregoing conduct by U.S. Medical constitutes unlawful discrimination against Plaintiff on the basis of her age.

106. As a result of U.S. Medical's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VII – RETALIATION**
***Plaintiff v. All Defendants***
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

107. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

108. Plaintiff engaged in activity protected by the ADA, to include, but not necessarily be limited to, good faith request for a reasonable accommodation and reporting disability discrimination.

109. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

110. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment actions.

111. Defendants' conduct was of a nature which would discourage a reasonable individual from engaging in protected activity under the law.

112. As a result of Defendants' unlawful retaliation, Plaintiff has suffered damages as set forth herein.

113. Defendants knew or should have known of its obligations under the ADA.

114. Defendants' actions and/or omissions resulting in violations of the ADA were willful or done with reckless disregard to Plaintiff's statutorily protected rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VIII – RETALIATION**
***Plaintiff v. All Defendants***
**AGE DISCRIMINATION IN EMPLOYMENT ACT**

115. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

116. Plaintiff engaged in activity protected by the ADEA, to include, but not necessarily be limited to, reporting age discrimination.

117. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

118. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment actions.

119. Defendants' conduct was of a nature which would discourage a reasonable individual from engaging in protected activity under the law.

120. As a result of Defendants' unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT IX – RETALIATION**
***Plaintiff v. All Defendants***
**PENNSYLVANIA HUMAN RELATIONS ACT**

121. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

122. Plaintiff engaged in activity protected by the PHRA, to include, but not necessarily be limited to, good faith request for a reasonable accommodation and reporting disability and age discrimination.

123. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

124. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment actions.

125. Defendants' conduct was of a nature which would discourage a reasonable individual from engaging in protected activity under the law.

126. As a result of Defendants' unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT X – RETALIATION**
***Plaintiff v. U.S. Medical***
**PHILADELPHIA FAIR PRACTICES ORDINANCE**

127. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

128. Plaintiff engaged in activity protected by the PFPO, to include, but not necessarily be limited to, good faith request for a reasonable accommodation and reporting disability and age discrimination.

129. Thereafter, U.S. Medical took adverse employment actions against Plaintiff, including, but not limited to, termination.

130. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment actions.

131. U.S. Medical's conduct was of a nature which would discourage a reasonable individual from engaging in protected activity under the law.

132. As a result of U.S. Medical's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Madeline Wimberly, requests that the Court grant her the following relief against Defendants:

(a) Damages for past and future monetary losses as a result of Defendants' unlawful employment practices;

(b) Compensatory damages for, *inter alia*, mental anguish, humiliation, and emotional pain and suffering as well as any other expenses incurred by Plaintiff due to Defendants' unlawful employment practices;

(c) Punitive damages;

(d) Liquidated damages;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences of a lump sum award in a single tax year;

(i) Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(j) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: October 8, 2026

**By:** ***/s/David M. Koller***

David M. Koller, Esquire (Pa 90119)
Jordan D. Santo, Esquire (Pa 320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*